

# OFFICE OF
# THE ATTORNEY GENERAL
### AUSTIN, TEXAS

Gerald C. Mann
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Mr. Woods:

Opinion No. O-4950
Re: Construction of penalties
provision of Article XIV,
H.B. 284, 47th Legislature.

Your letter asking an opinion concerning the above subject matter is as follows:

"I should like to have your opinion on Article 14 of House Bill 284, Acts of the 47th Legislature, which provides that:

"'Any district violating any of the provisions of this Act shall forfeit all rights to such aid and shall be disqualified to receive any aid of any nature under any Article of this Act for the current year.'

"If in our auditing and investigation of any claim of any district for any type of aid provided in the Act we find that there has been a violation of any provision of the Act, does this Department have the right to withhold any and all Equalization aid from such district for the current year?"

Article XIV of H.B. 284 in its entirety is as follows:

"Any district violating any of the provisions of this Act shall forfeit all rights to such Aid and shall be disqualified to receive any Aid of any nature under any Article of this Act for the current year. Should any school district which would otherwise be eligible to receive Aid fail to use the funds for the exact purpose for which they were allocated in the approved budget, such school district becomes ineligible for further Aid until such offense is corrected. The amount of money granted for each type of Aid except Tuition shall be set up as a separate account by the district receiving same and

Hon. L. A. Woods, Page 2

disbursements from said accounts shall be
made only for the specified purpose for
which such money was granted. It shall be
unlawful for any county school superintend-
ent or the superintendent of any common or
independent school district, school teacher,
county trustee, and/or district trustee, or
any other person to use or promise to use,
pay or promise to pay, any of the funds herein
appropriated for the purpose of paying the
salary and/or expense of any person or per-
sons to maintain a lobby for any purpose."

A proper construction of this article in connection
with its proper setting in the Act as a whole is, we think,
that a school district is ineligible for aid and shall not
receive the same when it has violated any provision of the
Act in any substantial and material respect. However, we
wish to direct your attention to a provision which acts as
an exception to the penalty clause and which, theoretically
at least, provides a means whereby a violation may be cor-
rected.

Section 2 of Article I prohibits the use of local
funds of a district to increase the salaries of teachers
above the salary schedule provided for in the Act. Section
2 of Article III prohibits the use of equalization funds to
increase the salaries of teachers except as authorized in
the Act; it is further provided that the funds provided for
in the Act shall be used for the exclusive purpose of ex-
tending the length of the school term of the schools situated
in the district receiving such aid on the basis of a sched-
ule of teachers' salaries as determined by the State Board
of Education for the school year 1938-39. The last sentence
of Section 2 of Article III provides as follows:

"Should any school district eligible to
receive aid under the provisions of this Act
maintain a salary schedule in excess of the
salary schedule, as determined by the State
Board of Education for the school year 1938-39,
the amount of aid received by such school dis-
trict shall be reduced by the amount of such
excess."

Thus, a means, effective or otherwise, is provided
whereby the violation of paying increased salaries may be
corrected. It can hardly be said that when this means is
provided, it was also the intent of the Legislature to invoke
the penalty provision of Article XIV. To other than this
type of violation, it is our opinion that the penalty pro-
vision will apply.

The forfeiture here being considered is not in

Hon. L. A. Woods, page 3

the nature of the forfeiture of a vested right in the district in such sense as to require notice and hearing before the declaration or final determination of a forfeiture, but on the contrary, it is in the nature of a want of eligibility for the aid authorized to eligible districts. The Legislature has made certain appropriations to certain school districts, the terms of eligibility of which districts are set out in the act making the appropriations. It is elementary that before moneys can be paid out under an appropriation bill, the terms of the bill must be met. Therefore, if a district is ineligible to receive aid, no moneys can legally be granted to the district under the bill.

The Legislature has placed the responsibility of administering the bill in the State Superintendent and the State Board of Education. Article VI thereof provides in part as follows:

"It shall be the duty of the State Superintendent of Public Instruction, and he is hereby authorized to make such rules and regulations not inconsistent with the terms of this Act, subject to the approval of the Joint Legislative Advisory Committee (Board of Education; Opinion No. O-4609) created in this Act and for the best interest of the schools for whose benefit the funds are appropriated . . . Appeals from the decisions of the State Superintendent shall be made to the Joint Legislative Advisory Committee (Board of Education; Opinion No. O-4609) for adjustments and the decisions of said Committee (Board of Education) shall be final." (Parenthetical insertions added)

If in investigating and auditing any claim for the current year it is determined that any of the provisions of the Act are being violated in a substantial and material respect, with the exception noted, then the school district guilty of such violation is ineligible to receive aid, and all equalization aid should be withheld from the district for the current year.

Very truly yours

ATTORNEY GENERAL OF TEXAS

BY(Signed) George W. Sparks
Assistant

APPROVED NOV. 18, 1942
(Signed) Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

GWS:nw:jrb        This opinion considered
and approved in limited
conference.